Affirmed and Memorandum Opinion filed July 13, 2004









Affirmed and Memorandum Opinion filed July 13, 2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-00791-CR

_______________

 

TRACY HARM, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

_______________________________________________________________________

 

On
Appeal from the 12th District Court

Grimes County, Texas

Trial
Court Cause No. 14,716

_______________________________________________________________________

 

M E M O R A N D U M  
O P I N I O N

 

Tracy
Harm appeals a conviction[1]
for indecency with a child on the grounds that the trial court erred in denying
her motion for new trial, asserting a failure by the State to disclose
favorable evidence.  We affirm.








            A trial court=s denial of a motion for new trial is
reviewed for abuse of discretion.  Salazar
v. State, 38 S.W.3d 141, 148 (Tex. Crim. App. 2001). The prosecution
violates a defendant=s due process rights if: (1) it suppresses, either willfully
or inadvertently, (2) evidence favorable to the accused (either exculpatory or
impeaching), and (3) prejudice ensues.  Banks
v. Dretke, 124 S.Ct. 1256, 1272 (2004). 
The duty of disclosure applies even without a request by the accused and
even to information known only to police, investigators, or others acting on
the government=s behalf in the case, but not the
prosecutor.  Strickler v. Greene,
527 U.S. 263, 280-281 (1999).

In
this case, appellant alleges that the State failed to disclose Child Protective
Services (ACPS@) records (the Arecords@) showing the victim had made
unfounded allegations of sexual abuse and engaged in inappropriate sexual
behavior in the past, preceding and unrelated to the allegations against appellant.  The records were provided to defense counsel
after trial by a CPS case worker who had represented to both sides and the
trial court before trial that he had no such documents.  However, appellant cites no evidence that:
(1) the State had, or was aware of, any such records before they were  provided to defense counsel; or (2) the CPS
case worker or his office investigated, or was in any other way involved in,
these allegations concerning appellant. 
Under these circumstances, appellant=s sole issue fails to demonstrate
that anyone acting on the government=s behalf in this case
willfully or inadvertently suppressed the records and, thus, that the trial
court abused its discretion in denying her motion for new trial.  Accordingly, appellant=s issue is overruled, and the
judgment of the trial court is affirmed.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed July 13, 2004.

Panel consists of
Justices Fowler, Edelman, and Seymore.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 











[1]           A jury
convicted appellant and sentenced her to twelve years imprisonment.